UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| TERESA A. PAWLOWSKI, | ) | CIV. 11-5065-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER OVERRULING |
| vs. | ) | PLAINTIFF'S OBJECTIONS |
| | ) | AND ADOPTING REPORT |
| MARLOW L. SCHERBENSKE, | ) | AND RECOMMENDATION |
| individually, and KDT | ) | |
| ENTERPRISES, INC., d/b/a | ) | |
| WEATHERED VANE, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court is defendants' motion for summary judgment. (Docket 14). The court referred the motion to Magistrate Judge Veronica L. Duffy for resolution. (Docket 22). On April 13, 2012, Magistrate Judge Duffy filed a report recommending the court grant defendants' motion for summary judgment on plaintiff's Americans With Disabilities Act ("ADA") claim, 42 U.S.C. § 12101 *et seq.*, and decline to exercise supplemental jurisdiction over plaintiff's state law claims. (Docket 35). Plaintiff timely filed objections. (Docket 37). Defendants filed a response to plaintiff's objections.[1] (Docket 38).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then

---

[1] Fed. R. Civ. P. 72(b)(2) allows a party to respond to an opposing party's objections.

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the reasons stated below, plaintiff's objections are overruled. The court adopts the report and recommendation of the magistrate judge in full with one typographical correction.[2]

A.  **MAGISTRATE JUDGE'S FINDINGS OF FACT**

Plaintiff's sole objection to the magistrate judge's findings of fact is:

> The Report relies solely on Defendants summary regarding the number of employees to determine whether there was the requisite number of employees for Plaintiff's federal employment claim. This was in error because Defendants failed to count employee Beverly S.[3]

(Docket 37 at p. 2) (emphasis in original). The court's resolution of plaintiff's objection will reference only those facts necessary to provide context. The court adopts all other facts of the report and recommendation.

Plaintiff's sole objection is Beverly was not counted as an employee of KDT in the "numerosity requirement" of the ADA.[4]  Id.  See also Docket 35

---

[2]The caption of the report and recommendation mistakenly identifies Mr. Scherbenske as "Scherbenski."

[3]Beverly S. is an employee of defendant KDT Enterprises, Inc., d/b/a Weathered Vane ("KDT"), identified in defendants' exhibits (Dockets 19-3 and 19-6) and plaintiff's exhibits (Dockets 21-5, 26-5, and 29-2). Throughout the remainder of this order, Beverly S. will be identified as "Beverly."

[4]For purposes of the ADA an employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calender weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 12111(5)(A).

2

at p. 9. Defendants' documents reflecting employee hire and release dates are the basis for plaintiff's objection. (Docket 37 at p. 3). See also Dockets 19-3 and 19-6 (sealed). Plaintiff argues the court must add Beverly to every week's employee totals for 2009 and 2010 because Beverly was "on payroll from October 16, 2002 until December 28, 2010." (Docket 37 at p. 3). Plaintiff asserts adding Beverly to every week's employee total would increase KDT's employee count above the minimum requirement of 15 employees for 31 weeks in 2009 and 23 weeks in 2010. Id.

The magistrate judge accepted defendants' proof of the calculation of employees on KDT's payroll in 2009 and 2010.[5] (Docket 25 at p. 15). See also Dockets 19-4 and 19-5. Defendants' calculations show an employee named "Bev" as a "new" hire beginning on November 18 and ending on December 24 in 2009, and as a "rehire" on October 28 and continuing through the end of December of 2010. (Dockets 19-4 at lines 50-55 and 19-5 at lines 47-56 ). These employee entries are consistent with defendants' 2009 and 2010 time sheets. (Dockets 19-1 at pp. 46-51 and 19-2 at pp. 43-51). The only "Bev" identified by either plaintiff, see Dockets 21-5, 26-5, and 29-2, or defendants, see Dockets 19-3 and 19-6, is Beverly. The court finds there was only one individual identified by the name "Bev" or "Beverly"

---

[5]Plaintiff's "proof did not contravene defendants' facts; she merely shows that 15 employees worked a total of 20 weeks during the entire year, but not all during the same 20 weeks." (Docket 35 at p. 15).

3

employed by KDT during the calendar years 2009 and 2010.  The magistrate judge properly included Beverly in the analysis in the report and recommendation.

Plaintiff's objection is overruled.

**B.    MAGISTRATE JUDGE'S CONCLUSIONS OF LAW**

Plaintiff did not file objections to the conclusions of law in the report and recommendation.  (Docket 37).  The court finds the report and recommendation to be an accurate and thorough recitation of the facts and applicable case law.  The court further finds the legal analysis of the report and recommendation to be well-reasoned and a proper application of the law to the facts of the case.  The magistrate judge's conclusions of law are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

**ORDER**

Based on the above analysis, it is hereby

ORDERED that plaintiff's objections (Docket 37) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 35) is adopted in full with the typographical correction noted above.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 14) as to plaintiff's Americans With Disabilities Act claims is granted.

IT IS FURTHER ORDERED that count 1 of plaintiff's complaint (Docket 1) alleging violations of the Americans With Disabilities Act is dismissed with prejudice.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1367(c)(3) the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

IT IS FURTHER ORDERED that count 2 of plaintiff's complaint alleging violations of the South Dakota Human Relations Act and count 3 alleging intentional infliction of emotional distress are dismissed without prejudice.

IT IS FURTHER ORDERED that "[t]he period of limitations [for the claims asserted in counts 2 and 3] shall be tolled while the claim[s] [were] pending and for a period of 30 days after [they are] dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

Dated August 28, 2012.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE